UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KELVIN L. JAMES,

　　　　　Plaintiff,

　　v.

OFFICE OF THE PUBLIC DEFENDERS, NANCY LEMCKE, SARAH K. HAWKINS,

　　　　　Defendants.

Case No. 2:25-cv-02377-APG-EJY

**ORDER**

**and**

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Civil Rights Complaint and Application to Proceed *in forma pauperis* ("IFP"). ECF Nos. 1-1, 3. Plaintiff's IFP Application is granted below. The Court recommends his Complaint be dismissed without prejudice, but without leave to amend.

**I.    Screening Standard**

Under 28 U.S.C. § 1915(e)(2), the reviewing court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

1

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Plaintiff's Complaint Brings Claims Against County Public Defenders**

Criminal defense attorneys, including public defenders, are considered private parties who do not act under color of state law and, therefore, cannot be sued through an assertion of a constitutional violation under Section 1983. *Polk County v. Dodson*, 454 U.S. 312, 322 n.13, 325 (1981) ("[T]he public defender does not act under color of state law" for purposes of §1983 because she "is not acting on behalf of the State; [s]he is the State's adversary.") (internal quote marks and citation omitted). At all times described by Plaintiff, Defendants Nancy Lemcke and Sarah Hawkins, Clark County Public Defenders, were acting as Plaintiff's criminal defense lawyers. Thus, Plaintiff's claim against these Defendants must be dismissed.

Further, U.S. Supreme Court precedent establishes an ineffective assistance of counsel claim must be brought first through a direct appeal and then through a post-conviction habeas corpus petition, not a § 1983 action. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). For this additional reason, Plaintiff's claim fails as a matter of law.

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 3) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be filed on the docket.

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed without prejudice, but without leave to amend in this Court. The without prejudice dismissal will allow Plaintiff, if he so chooses, to pursue a petition for habeas corpus relief based on his claim of ineffective assistance of counsel.

Dated this 14th day of January, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).